IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick Stevenson,<br><br>              Petitioner,<br><br>v.<br><br>Dora Schriro, et al.,<br><br>              Respondents. | No. CV-07-01735 PHX-ROS<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Glenda E. Edmonds' Report and Recommendation. (Doc. 27). Judge Edmonds recommends the Petition for a Writ of Habeas Corpus be denied. For the reasons discussed below, the Report and Recommendation will be adopted. Pursuant to 28 U.S.C. foll. § 2254, R. 11, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will be denied because the applicant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

**BACKGROUND**

On March 19, 2002, Petitioner was convicted after a jury trial of premeditated first-degree murder. The trial court imposed a sentence of life imprisonment without the possibility of parole. On September 10, 2007, Petitioner filed a Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner claims he is entitled to an evidentiary hearing and to relief because: (1) the pretrial identification procedures were unduly suggestive, (2) the jury instruction on premeditated murder was incorrect, and (3) counsel at trial and on appeal were ineffective.

**STANDARD**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be *de novo. Id.*; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, but not otherwise.") (internal quotations and citations omitted).

**DISCUSSION**

**I. Pretrial Identification Procedures**

Two witnesses to the shooting, Francisco Maya and Kimberly Ward, both identified Petitioner as the shooter in a photo lineup. Petitioner argues the pretrial photo identification was unduly suggestive because Petitioner was the only individual wearing a red shirt, is the only individual with a jeri curl hairstyle that is short on top and long in the back, the background to his photo had a "unique color," and the witnesses were unreliable. Judge Edmonds rejected these arguments, noting that the six photos all basically resembled one another, the individuals were all light-skinned black males, and the witnesses were sufficiently reliable.

Petitioner objects that Judge Edmonds gave undue deference to the Arizona Court of Appeals ruling, because it based its decision on an examination of a different photo. This argument fails. Judge Edmonds expressly noted that even if it is true the Arizona Court of Appeals examined the wrong photo lineup, her analysis would not change because the photo actually viewed by the witnesses and used at trial was not unduly suggestive. This Court agrees that after considering the totality of the circumstances, the photo lineup was not unduly suggestive. Judge Edmonds' recommendation that the pretrial identification procedures did not violate Petitioner's due process rights will be adopted.

## II. Jury Instruction on Premeditated Murder

Petitioner argues the jury was given an improper instruction on the meaning of "premeditation" for first-degree murder, because it included this statement: "Proof of actual reflection is not required, but an act is not done with premeditation if it is the instant effect of a sudden quarrel or heat of passion." According to Petitioner, the Arizona Supreme Court has held that proof of actual reflection is required for first-degree premeditated murder. By giving an instruction to the contrary, Petitioner argues the State's burden of proof was reduced.

Judge Edmonds concluded the instruction was erroneous, but it was harmless error. Petitioner objects that the instruction was not harmless error, or alternatively, should not have been subjected to harmless error review because it was a structural error. Judge Edmonds correctly found that the improper jury instruction did not constitute a structural error and is subject to harmless error review. *See Hedgpeth v. Pulido*, 129 S.Ct. 530, 531 (2008); *Middleton v. McNeil*, 541 U.S. 433, 437 (2004). Judge Edmonds also correctly found that the erroneous instruction was harmless error. Judge Edmonds' recommendation that Petitioner is not entitled to habeas relief because of an erroneous jury instruction will be adopted.

## III. Ineffective Assistance of Counsel

Petitioner argues his trial counsel was ineffective in: (1) handling admitted hearsay evidence of victim's statements, (2) handling identification issues, and (3) failing to object to six instances of prosecutorial misconduct. Petitioner argues his appellate counsel was ineffective in: (1) failing to present the correct photo lineup, and (2) failing to argue cumulative error from five instances of prosecutorial misconduct.

### A. Handling of Hearsay

The trial court admitted testimony from Sweeney, a friend of the victim, regarding statements the victim made over the phone on the day he was killed. The trial court found that the victim's statements such as "Derrick has a gun" or "Dizzy is here now" were

admissible because they were made just as the event was happening, and thus fell under the present sense impression exception. Judge Edmonds found the trial counsel was not ineffective on the hearsay issue, noting that the hearsay was properly admitted under the present sense impression exception.

Petitioner objects that evidence of the victim's statements made over the phone to a friend just before the shooting should not have been admitted because it violated his right to confront his accusers. The confrontation clause of the Sixth Amendment bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Petitioner argues he did not have an opportunity to confront and cross-examine the victim. Petitioner did not present this ground in his habeas petition. In any case, this argument fails because the admitted statements by the victim were not testimonial. *See id.* Judge Edmonds' recommendation that counsel was not ineffective in handling the hearsay evidence will be adopted.

### B. Other Allegations of Ineffective Assistance

Judge Edmonds found Petitioner's other claims of ineffective assistance of counsel all fail. Petitioner presents no objections. Judge Edmonds' recommendation that habeas relief be denied on these claims will be adopted.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 27) is **ADOPTED** and the Petition (Doc. 1) is **DENIED.**

**FURTHER ORDERED** a certificate of appealability **IS DENIED.**

DATED this 21st day of July, 2010.

											_____
											Roslyn O. Silver
											United States District Judge